Curia, per

Earle, J.
What has been said in Alston vs. McDowall,(a) renders it unnecessary to say much here. The plaintiff, it is admitted, made out no title. And the defendant is not proved to have been a dis-seizor. The question made by the counsel in argument, did not arise. The endorsement which the plaintiff is required to make on his writ and declaration, gives character to this action, which is to try titles. I have not heard it doubted, that in such case, the plaintiff, where there ha.s been no tortious eviction, could only recover on proof of good title. It would be of very little use to go back to the feudal system for the origin of land titles. — Whether or not the land in this State should, in point of law, all be presumed to have been granted, is a question of policy, which we need not consider, much less decide. There can be no acquisition of title against the State, except by grant, or a possession which will authorize the presumption of a grant. Less than twenty years will not answer that purpose. And a plaintiff can only make out a perfect title, by producing a grant, or by proving such a possession in himself, or some one from whom he derives title. A possession of, sixteen years only, *299 supposing it clearly proved to have been of the lands in dispute, which terminated fifty years ago, cannot stand in the place of title. It cannot be allowed to prevail against the actual possession of the defendant, who did not enter upon the plaintiff, and which, for ought that appeal's, may be as rightful as that which the plaintiff formerly held. Until the true title appears, we must regard the ^actual possession, when not forcibly obtained, as the best evidence of it, and entitled to protection.
Petigru and Hunt, for the plaintiff. Mayziclc and Memminger, contra.
Motion dismissed.
Gantt, Richardson and Butler, JJ., concurred.
O’Neall, J.
Where the plaintiff’s possession, actual or constructive, is entered upon, I think that such possession is evidence of title to put the defendant to prove his title, (a) In this caso, I understand the plaintiff or his ancestor never had possession, actual or constructive. I, therefore, am satisfied with the nonsuit.

 Sup., 444. An,

 3 Strob., 480. An.